**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| EVANGELICAL RETIREMENT | § | Case No. 23-07541 |
| HOMES OF GREATER CHICAGO, | § | |
| INCORPORATED d/b/a FRIENDSHIP | § | |
| VILLAGE OF SCHAUMBURG, | § | |
| | § | |
| FEIN: 36-2815382, | § | |
| | § | |
| Debtor. | § | Hon. Timothy A. Barnes |

**NOTICE OF DEBTOR'S MOTION FOR AN ORDER APPROVING THE SALE OF**
**REAL ESTATE COMMONLY REFERRED TO AS THE HUNTLEY PROPERTY**

**TO: See Attached Service List**

**PLEASE TAKE FURTHER NOTICE** that on **Wednesday, December 13, 2023, at 11:00 a.m. (CT)**, I will appear before the **Honorable Timothy A. Barnes**, or any judge sitting in that judge's place, **either** in courtroom 744 of the Everett McKinley Dirksen United States Courthouse 219 South Dearborn Street, Chicago, IL 60604, **or** electronically as described below, and present the *Debtor's Motion for an Order Approving the Sale of Real Estate Commonly Referred to as the Huntley Property*, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the Motion electronically using Zoom for Government. All others must appear in person.**

**To appear by video,** use this link: http://www.zoom.com/. Then enter the meeting ID and passcode.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** Meeting ID and passcode. The meeting ID for this hearing is 161 329 5276, and the passcode is 433658. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this Motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the Motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the Motion in advance without calling it.

92462088.1

Dated: December 5, 2023

/s/      *Trinitee Green*

**POLSINELLI PC**
Trinitee G. Green (ARDC # 6323508)
POLSINELLI PC
150 N. Riverside Plaza, Suite 3000
Chicago, IL 60606
Telephone: (312) 819-1900
Facsimile: (312) 819-1910
tggreen@polsinelli.com

-and-

**POLSINELLI PC**
Jeremy R. Johnson (Admitted *Pro Hac Vice*)
600 Third Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
jeremy.johnson@polsinelli.com

*Counsel to the Debtor and Debtor in Possession*

92462088.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EVANGELICAL RETIREMENT | ) | Case No. 23-07541 |
| HOMES OF GREATER CHICAGO, | ) | |
| INCORPORATED d/b/a FRIENDSHIP | ) | |
| VILLAGE OF SCHAUMBURG, | ) | |
| | ) | |
| FEIN: 36-2815382 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I, Sabrina G. Tu, depose and say that I am employed by Stretto, the claims and noticing agent for the Debtor in the above-captioned case.

On or before 5:00 p.m. (prevailing Pacific Time) on December 5, 2023, at my direction and under my supervision, employees of Stretto will cause to be served a complete and accurate copy of the attached Notice of Motion and the document referred to therein to be made on the parties on the service list attached hereto as **<u>Exhibit A</u>** and parties listed on the Resident List via first-class mail, and via electronic mail where available as set forth on **<u>Exhibit B</u>**.

Dated: December 5, 2023

*/s/ Sabrina G. Tu*
Sabrina G. Tu
STRETTO
410 Exchange, Suite 100
Irvine, CA 92602
Telephone: 855.886.6266
Email: TeamFVS@Stretto.com

# <u>Exhibit A</u>



**Exhibit A**

Served Via First-Class Mail

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| Cook County Treasurer's Office | Attn Officer/Director or Legal Dept | 118 North Clark Street | Room 112 | | Chicago | IL | 60602 |
| Environmental Protection Agency | | 1200 Pennsylvania Ave. NW | | | Washington | DC | 20460 |
| Evangelical Retirement Homes of Greater Chicago, Incorporated d/b/a Friendship Village of Schaumburg | c/o Polsinelli PC | Attn: Trinitee G. Green | 150 N Riverside Plaza | Suite 3000 | Chicago | IL | 60606 |
| Friendship Senior Options, NFP, an Illinois not-for-profit corporation | c/o Cooley LLP | Attn: Eric E. Walker | 110 N. Wacker | | Chicago | IL | 60606 |
| IL CCRC LLC | c/o Cozen O'Connor | Attn: Brian L. Shaw | 123 North Wacker Drive | Suite 1800 | Chicago | IL | 60606 |
| Illinois Department of Financial and Professional Regulation | Attn Officer/Director or Legal Dept | 555 West Monroe Street | 5th Floor | | Chicago | IL | 60661 |
| Illinois Department of Human Services | Attn Officer/Director or Legal Dept | 401 South Clinton Street | | | Chicago | IL | 60607 |
| Illinois Department of Public Health | Att. Director | 69 Washington Street | 35th Floor | | Chicago | IL | 60602 |
| Illinois Department of Public Health | Attn Officer/Director or Legal Dept | 122 S. Michigan Avenue | 7th and 20th Floors | | Chicago | IL | 60603 |
| Illinois Department of Public Health | c/o Office of the Illinois Attorney General | Attn: John P. Reding | 100 West Randolph St | Suite 13-225 | Chicago | IL | 60601 |
| Illinois Department of Revenue | David Harris - Director | 555 West Monroe Street | Suite 1100 | | Chicago | IL | 60661 |
| Illinois Department of Revenue | Bankruptcy Unit | PO Box 19037 | | | Springfield | IL | 62794-9037 |
| Illinois EPA Headquarters | | 1021 North Grand Avenue East | P.O. Box 19276 | | Springfield | IL | 62794-9276 |
| Illinois Finance Authority | Attn Officer/Director or Legal Dept | 160 N. LaSalle St | Suite S-1000 | | Chicago | IL | 60601 |
| Illinois Finance Authority | c/o ArentFox Schiff LLP | Attn: Joseph Mark Fisher | 233 S Wacker Drive | Suite 7100 | Chicago | IL | 60606 |
| Internal Revenue Service | Attn. Centralized Insolvency Operation | P.O. Box 7346 | | | Philadelphia | PA | 19101 |
| LEAF Capital Funding, LLC | c/o Dressler Peters LLC | 101 W. Grand Ave | Suite 404 | | Chicago | IL | 60654 |
| Office of the United States Trustee | Jeffrey L. Gansberg | 219 S. Dearborn Street | Room 873 | | Chicago | IL | 60604 |
| Office of the United States Trustee | Jeffrey L. Gansberg | 227 W Monroe St | Ste 3350 | | Chicago | IL | 60606 |
| Official Unsecured Creditors' Committee | c/o Crane, Simon, Clar & Goodman | Attn: Scott R. Clar, Karen R. Goodman | 135 S LaSalle | #3950 | Chicago | IL | 60603 |
| Riehle Developments, LLC | c/o Huck Bouma PC | Attn: Eric J. Malnar | 1755 South Naperville Road | | Wheaton | IL | 60189 |
| Schaumburg Bank & Trust Company N.A. | Teresa Faidley | 1180 E. Higgins Rd. | | | Schaumburg | IL | 60173 |
| Schaumburg Bank & Trust Company N.A. | c/o Chuhak & Tecson, P.C. | Attn: Brandon R. Freud | 120 S. Riverside Plz | Suite 1700 | Chicago | IL | 60606-7512 |
| Securities & Exchange Commission | | 100 F Street NE | | | Washington | DC | 20549-0213 |
| Securities & Exchange Commission | | 175 W Jackson Boulevard | Suite 1450 | | Chicago | IL | 60604 |
| The U.S. Department of Health & Human Services | Attn Officer/Director or Legal Dept | 200 Independence Avenue, S.W. | | | Washington | DC | 20201 |
| U.S. Centers for Medicare & Medicaid Services | Attn Officer/Director or Legal Dept | 7500 Security Blvd | | | Baltimore | MD | 21244 |
| U.S. Department of Health and Human Services, Centers for Medicare & Medicaid Services | Attn: David H. DeCelles | 219 South Dearborn Street | | | Chicago | IL | 60604 |
| UMB Bank | Attn: Jay Smith & Irina Palchuk | 2 South Broadway | | | St. Louis | MO | 63102 |
| UMB Bank, N.A., as Bond Trustee and Master Trustee | c/o Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. | Attn: Daniel S. Bleck, Tim McKeon | 1 Financial Center | | Boston | MA | 02111-0000 |
| UMB Bank, N.A., as Bond Trustee and Master Trustee | c/o Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. | Attn: Megan Preusker, Daniel S. Bleck, Timothy J. McKeon | 919 3rd Ave | | New York | NY | 10022 |
| United States Attorney's Office Northern District of Illinois, Eastern Division | Attn Officer/Director or Legal Dept | 219 S. Dearborn Street | 5th Floor | | Chicago | IL | 60604 |
| Verdant Comm Cap Titling Trust | Attn: Officer/Director or Legal Dept | 12301 Whitewater Drive | Ste. 80 | | Minnetonka | MN | 55343 |
| Wells Fargo Bank, National Association, as Master Trustee | Attn: Corbin B Connell | 600 S. 4th Street, 6th Floor | MAC N9300-061 | | Minneapolis | MN | 55479 |

# <u>Exhibit B</u>



**Exhibit B**
Served Via Electronic Mail

| Name | Attention 1 | Attention 2 | Email |
|---|---|---|---|
| Cook County Treasurer's Office | Attn Officer/Director or Legal Dept | | lbankruptcy@cookcountytreasurer.com |
| Evangelical Retirement Homes of Greater Chicago, Incorporated d/b/a Friendship Village of Schaumburg | c/o Polsinelli PC | Attn: Trinitee G. Green | tggreen@polsinelli.com |
| Friendship Senior Options, NFP, an Illinois not-for-profit corporation | c/o Cooley LLP | Attn: Eric E. Walker | ewalker@cooley.com |
| IL CCRC LLC | c/o Cozen O'Connor | | bshaw@cozen.com |
| Illinois Department of Public Health | c/o Office of the Illinois Attorney General | Attn: John P. Reding | john.reding@ilag.gov |
| Illinois Finance Authority | c/o ArentFox Schiff LLP | Attn: Joseph Mark Fisher | mark.fisher@afslaw.com |
| LEAF Capital Funding, LLC | c/o Dressler Peters LLC | | kpeters@dresslerpeters.com |
| Office of the United States Trustee | Jeffrey L. Gansberg | | jeffrey.l.gansberg@usdoj.gov |
| Official Unsecured Creditors' Committee | c/o Crane, Simon, Clar & Goodman | Attn: Scott R. Clar, Karen R. Goodman | sclar@cranesimon.com kgoodman@cranesimon.com |
| Riehle Developments, LLC | c/o Huck Bouma PC | Attn: Eric J. Malnar | emalnar@huckbouma.com |
| Schaumburg Bank & Trust Company, N.A. | c/o Chuhak & Tecson, P.C. | Attn: Brandon R. Freud | bfreud@chuhak.com |
| Securities & Exchange Commission | | | chicago@sec.gov |
| U.S. Department of Health and Human Services, Centers for Medicare & Medicaid Services | Attn: David H. DeCelles | | david.decelles@usdoj.gov |
| UMB Bank | Attn: Jay Smith | | jay.smith@umb.com irina.palchuk@umb.com |
| UMB Bank, N.A., as Bond Trustee and Master Trustee | c/o Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. | Attn: Megan Preusker, Daniel S. Bleck, Timothy J. McKeon | mpreusker@mintz.com dsbleck@mintz.com tjmckeon@mintz.com |

In re: Evangelical Retirement Homes of Greater Chicago, Inc. dba Friendship Village of Schaumburg (FVS)
Case No. 23-07541 (TAB)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| EVANGELICAL RETIREMENT | § | Case No. 23-07541 |
| HOMES OF GREATER CHICAGO, | § | |
| INCORPORATED d/b/a FRIENDSHIP | § | |
| VILLAGE OF SCHAUMBURG, | § | |
| | § | |
| FEIN: 36-2815382, | § | |
| | § | |
| Debtor. | § | Hon. Timothy A. Barnes |

## DEBTOR'S MOTION FOR AN ORDER APPROVING THE SALE OF REAL ESTATE COMMONLY REFERRED TO AS THE HUNTLEY PROPERTY

The debtor and debtor-in-possession (the "**Debtor**") in the above-captioned case (the "**Chapter 11 Case**") hereby moves (this "**Motion**") for entry of an order, substantially in the form of **Exhibit A** attached hereto (the "**Sale Order**"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), approving the sale of certain real estate located at PIN #02-08-401-018 in the County of Kane in the state of Illinois (the "**Property**") to The Prime Group, Inc., an Illinois corporation, or its designee or permitted assignee (the "**Purchaser**") on the terms set forth in the Real Estate Purchase and Sale Agreement (the "**PSA**") between Debtor and Purchaser, a copy of which is attached as **Exhibit 1** to the Sale Order.

## JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2.    Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3.    The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 363, and Bankruptcy Rules 2002, 6004, 6006, 9006, 9007 and 9014.

92047877.2

## INTRODUCTION

4.      By this Motion, the Debtor requests entry of the Sale Order, approving the sale transaction (the "**Sale**") proposed in the PSA attached thereto. After Avison (as defined below) marketed the property over a period of several months, at the advice of the Debtor's broker, Avison, the Debtor entered the PSA.

5.      Indeed, as a result of the proposed sale transaction, the Debtor will rid itself of property that is not useful to the Debtor's community, is not desired by the Debtor's buyer, and is not particularly marketable to potential purchasers other than the proposed Purchaser. In exchange, under the PSA, the Debtor will recover $450,000 of gross proceeds and anticipates that net sale proceeds will be available to satisfy allowed claims against the Debtor's estate. Thus, the Debtor respectfully submits that the relief requested herein is in the best interests of the Debtor, its estate, its creditors, and other parties-in-interest

## BACKGROUND

6.      On or about June 13, 2000, the Debtor entered into that certain trust agreement, dated June 13, 2000 and known as trust number 1108559 (the "**Land Trust Agreement**") by and between the Debtor and Chicago Title and Land Trust Company ("**Chicago Title**"). Pursuant to the Land Trust Agreement, the Debtor transferred legal and equitable title to the Property to Chicago Title, but, as beneficiary, retained a personal property interest in the right to receive earnings and proceeds from the Property, the power to direct Chicago Title to deal with title to the Property, and the right to manage, possess, use, and control the Property. Thus, the Debtor owns the Property indirectly, through complete ownership of an Illinois land trust that holds the legal interest in the Property.

7.      On June 9, 2023 (the "**Petition Date**"), the Debtor commenced this Chapter 11 Case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code

92047877.2

8.      The factual background regarding the Debtor, including business operations, capital and debt structure, and the events leading to the filing of the Chapter 11 Case is set forth in the *Declaration of Mike Flynn, Chief Executive Officer of the Debtor in Support of the Debtor's First Day Pleadings* [Docket No. 16] (the "**First Day Declaration**") and incorporated herein by reference.

9.      The Debtor continues to operate and manage its business as a debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108.

10.      On June 23, 2023, the Office of the U.S. Trustee appointed an official committee of unsecured creditors in this Chapter 11 Case.

11.      In conjunction with the Sale, the Debtor has retained Avison Young – Chicago, LLC ("**Avison**"), as its real estate advisor and broker to market the Property, pursuant to this Court's *Order Authorizing the Employment and Retention of Avison Young - Chicago, LLC as Debtor's Real Estate Advisor and Broker Effective as of August 28, 2023* [Docket No. 268]. The scope of Avison's retention includes, among other tasks, marketing the Property for sale to potential third-party purchasers.

12.      Avison completed the preparation of marketing documents, listed the Property, and has directly contacted potential purchasers in the real estate market who Avison believed could potentially be interested in the Property.

13.      Although Avison received an expression of interest from one other potential purchaser, the Purchaser offered the highest offer for the Property and, realistically, the only offer that Avison believed would be likely to close. Thus, the Purchaser's offer was determined to be the highest and best and the Debtor executed the PSA, which provides for, among other things, a purchase price of $450,000.00 (the "**Purchase Price**").

3

## RELIEF REQUESTED

14.     By this Motion, pursuant to Bankruptcy Code sections 105(a) and 363, the Debtor

requests entry of the Sale Order, approving the Sale on the terms set forth in the PSA.

## LEGAL AUTHORITY

**I      The Court Should Approve the Sale of the Property to Purchaser.**

15.     Bankruptcy Code section 363(b)(1) provides that a debtor, "after notice and a

hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate."

11 U.S.C. § 363(b)(1). A sale of the debtor's assets should be authorized pursuant to Bankruptcy

Code section 363 if a sound business purpose exists for the proposed transaction. *See, e.g., Meyers*

*v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) ("Under Section 363, the debtor-in-

possession can sell property of the estate . . . if he has an 'articulated business justification' . . . .");

*In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (Bankr. D. Del. 1999); *In re Del. &*

*Hudson Ry. Co.*, 124 B.R. 169, 174 (Bankr. D. Del. 1991); *see also In re Schipper*, 933 F.2d 513,

515 (7th Cir. 1991) (same); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*,

722 F.2d 1063, 1070 (2d Cir. 1983); *In re Telesphere Commc'ns, Inc.*, 179 B.R. 544, 552 (Bankr.

N.D. Ill. 1999). A sound business purpose for the sale of a debtor's assets outside the ordinary

course of business may be found where such a sale is necessary to preserve the value of assets for

the estate, its creditors or interest holders. *See, e.g., In re Abbotts Dairies of Pa, Inc.*, 788 F.2d 143

(3d Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983). In addition, Bankruptcy Code

section 105(a) provides that the bankruptcy courts may issue any order necessary or appropriate

to carry out the provisions of the Bankruptcy Code." 11 U.S.C. § 105(a).

16.     Moreover, pursuant to Bankruptcy Code section 105, the Court has expansive

equitable powers to fashion any order or decree that is in the interest of preserving or protecting

92047877.2

the value of a debtor's assets, such as structuring an orderly sale. *See, e.g.*, *In re Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986).

17.     Courts typically consider the following factors in determining whether a proposed sale satisfies this standard: (a) whether a sound business justification exists for the sale; (b) whether adequate and reasonable notice of the sale was given to interested parties; (c) whether the sale will produce a fair and reasonable price for the property; and (d) whether the parties have acted in good faith. *See Del.& Hudson*, 124 B.R. at 176; *In re Phoenix Steel Corp.*, 82 B.R. 334, 335-36 (Bankr. D. Del. 1987.

18.     "Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986). There is a presumption that "in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company." *In re Integrated Resources, Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)); *see also In re S.N.A. Nut Co.*, 186 B.R. 98, 102 (Bankr. N.D. Ill. 1995) ("The business judgment rule 'is a presumption that in making the business decision the directors of a corporation acted on an informed basis, in good faith, and in the honest belief that the action was in the best interests of the company."); *In re Filene's Basement, LLC*, No. 11-13511 (KJC), 2014 WL 1713416, at *12 (Bankr. D. Del. Apr. 29, 2014) ("If a valid business justification exists, then a strong presumption follows that the agreement at issue was negotiated in good faith and is in the best interests of the estate."). Thus, if a debtor's actions satisfy the business judgment rule, then the transaction in question should be approved under Bankruptcy

92047877.2

Code section 363(b)(1). Indeed, when applying the business judgment standard, courts show great deference to a debtor's business decisions. *See Pitt v. First Wellington Canyon Assocs. (In re First Wellington Canyon Assocs.)*, 1989 WL 106838, at *3 (N.D. Ill. 1989) ("Under this test, the debtor's business judgment . . . must be accorded deference unless shown that the bankrupt's decision was taken in bad faith or in gross abuse of the bankrupt's retained discretion.").

### A.    A "Sound Business Purpose" Supports the Sale.

19.    Here, a sound business purpose exists to authorize the Sale pursuant to Bankruptcy Code sections 105 and 363. The Property consists of vacant land, for which the Debtor does not have a constructive business application because, among other things, the shape and width of the site would not allow for the construction of a build, and the site could only be used for parking purposes. However, the site is too far from the facility to be useful to the Debtor in this manner.

20.    Furthermore, the Sale contemplated by the PSA would satisfy each of the factors outlined above. The Purchase Price set forth in the PSA is a fair and reasonable amount based on Avison's evaluation of the Property and marketing efforts to date, as evidenced by the *Declaration of Adam Haefner of Avison Young – Chicago, LLC, as Real Estate Advisor and Broker, in Support of Debtor's Motion for an Order approving the Sale of Certain Real Estate Assets Free and Clear of Liens, Claims, and Encumbrances*, filed contemporaneously herewith (the "**Avison Declaration**").

### B.    The Sale to the Purchaser Should Be Free and Clear of Liens and Claims.

21.    The Debtor further submits that it is appropriate to sell the Property free and clear of all liens, claims, encumbrances, and interests (collectively, the "**Interests**"), other than Permitted Exceptions, as set forth in section 5 of the PSA, pursuant to Bankruptcy Code section 363(f), with any such Interests attaching to the net sale proceeds of the Property, as and to the extent applicable.

92047877.2

22.     In addition to customary and reasonable closing costs, which must be satisfied upon closing, the Debtor is aware of (i) a lien, recorded in Kane County, Illinois, in the amount of approximately $17,006.57, excluding interest, costs, and fees; (ii) 2023 real estate taxes estimated to total approximately $3,644.54, each which must be satisfied upon closing under the terms of the PSA; and the commission of Avison Young, estimated to total approximately $27,000. The Debtor is unaware of any other liens, claims, interests or encumbrances but requests authority to sell free and clear of any such Interests, pursuant to Section 5 of the PSA.

23.     Bankruptcy Code section 363(f) provides that a debtor in possession may sell property free and clear of any interest in such property of an entity other than the estate if (a) applicable non-bankruptcy law permits sale of such property free and clear of such interest, (b) such entity consents, (c) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property, (d) such interest is in bona fide dispute, or (e) such party could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. *See also Citicorp Homeowners Services, Inc. v. Elliot* (*In re Elliot*), 94 B.R. 343, 345 (E.D. Pa. 1988) (Section 363(f) is written in the disjunctive; a court may approve sale "free and clear" provided at least one of the subsections is met).

24.     The Debtor submits that the Property may be sold free and clear of liens, claims, encumbrances, and other interests—all in accordance with at least one of the five conditions of section 363(f). Consistent with section 363(f)(2), each of the parties holding liens on the Property, if any, will consent, or absent any objection to this Motion, will be deemed to have consented to, the Sale and transfer of the Property. Furthermore, any party holding a valid lien against the Property will be adequately protected by having its liens, if any, attach to the sale proceeds received by the Debtor from the Property to the Purchaser, in the same order of priority, with the same

7

validity, force, and effect that such creditor had prior to such sale, subject to any claims and defenses the Debtor and its estate may possess. Accordingly, section 363(f) authorizes the sale and transfer of the Property free and clear of any such Interests.

25.     This Motion and the related Notice of Filing (and any amended notice, if applicable) will be served in a manner that provides at least 21-days' notice of the date, time, and location of the hearing to consider the Sale of the Huntly Property; and (b) provides a deadline by which parties in interest may file written objections, if any, to the Sale.

**II      The Court Should Waive the 14-Day Stay Under Bankruptcy Rule 6004(h).**

26.     Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Additionally, Bankruptcy Rule 6006(d) provides that an "order authorizing the trustee to assign an executory contract or unexpired lease . . . is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." The Debtor requests that the Sale Order be effective immediately upon its entry by providing that the 14-day stays under Bankruptcy Rules 6004(h) and 6006(d) be waived.

27.     The purpose of Bankruptcy Rules 6004(h) and 6006(d) is to provide sufficient time for an objecting party to appeal before an order can be implemented. *See* Advisory Committee Notes to Fed. R. Bankr. P. 6004(h) and 6006(d). Although Bankruptcy Rules 6004(h) and 6006(d) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the 14-day stay periods, the leading treatise on bankruptcy suggests that the 14-day stay periods should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to procedure." 10 *Collier on Bankruptcy* ¶ 6004.10 (15th rev. ed. 2006). Furthermore, if an objection is filed and overruled, and the objecting party informs the

92047877.2

court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to file such appeal. *Id.*

28.     With respect to the closing of the Sale and the finality of the order, time is of the essence to the Purchaser. Thus, the Debtor seeks to close the Sale as soon as possible and requests that the Court waive the 14-day stay periods under Bankruptcy Rules 6004(h) and 6006(d).

## NOTICE

29.     Notice of this Motion has been or will be provided to: (i) the United States Trustee for the Northern District of Illinois; (ii) the United States Attorney for the Northern District of Illinois; (iii) counsel for the Bond Trustee; (iv) the Debtor's secured creditors, if any; (v) the Internal Revenue Service; (vi) the Illinois Department of Revenue; (vii) the United States Department of Health and Human Services; (viii) the Illinois Department of Human Services; (ix) the Illinois Finance Authority; (x) the Centers for Medicare and Medicaid Services; (xi) the Illinois Department of Financial and Professional Regulation; (xii) the Illinois Department of Public Health; (xiii) the holders of the twenty (20) largest unsecured claims against the Debtor; (xiv) parties on the 2002 List; and (xv) the Purchaser.

## NO PRIOR REQUEST

30.     No prior request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, the Debtor respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

*[signature on following page]*

92047877.2

Dated: December 5, 2023
     Chicago, Illinois

/s/  Trinitee G. Green
Trinitee G. Green (ARDC # 6323508)
POLSINELLI PC
150 N. Riverside Plaza, Suite 3000
Chicago, IL 60606
Telephone: (312) 819-1900
Facsimile: (312) 819-1910
tggreen@polsinelli.com

-and-

Jeremy R. Johnson (Admitted *Pro Hac Vice*)
POLSINELLI PC
600 3rd Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
jeremy.johnson@polsinelli.com

*Co-Counsel to the Debtor
and Debtor in Possession*

92047877.2