**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| EVANGELICAL RETIREMENT | § | Case No. 23-07541 |
| HOMES OF GREATER CHICAGO, | § | |
| INCORPORATED d/b/a FRIENDSHIP | § | |
| VILLAGE OF SCHAUMBURG, | § | |
| | § | |
| FEIN: 36-2815382, | § | |
| | § | |
| Debtor. | § | Hon. Timothy A. Barnes |

**NOTICE OF DEBTOR'S MOTION FOR AN ORDER APPROVING
THE POST-CLOSING CONSULTING AGREEMENT**

**TO:** See Attached Service List

**PLEASE TAKE FURTHER NOTICE** that on **Wednesday, January 31, 2024, at 10:00 a.m. (CT)**, I will appear before the **Honorable Timothy A. Barnes**, or any judge sitting in that judge's place, **either** in courtroom 744 of the Everett McKinley Dirksen United States Courthouse 219 South Dearborn Street, Chicago, IL 60604, **or** electronically as described below, and present the *Debtor's Motion for an Order Approving the Post-Closing Consulting Agreement,* a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the Motion electronically using Zoom for Government. All others must appear in person.**

**To appear by video,** use this link: http://www.zoom.com/. Then enter the meeting ID and passcode.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** Meeting ID and passcode. The meeting ID for this hearing is 161 329 5276, and the passcode is 433658. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this Motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the Motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the Motion in advance without calling it.

93049875.5

| | |
|---|---|
| Dated: January 23, 2024 | */s/*     *Trinitee Green* |

                                              **POLSINELLI PC**
Trinitee G. Green (ARDC # 6323508)
POLSINELLI PC
150 N. Riverside Plaza, Suite 3000
Chicago, IL 60606
Telephone: (312) 819-1900
Facsimile: (312) 819-1910
tggreen@polsinelli.com

-and-

**POLSINELLI PC**
Jeremy R. Johnson (Admitted *Pro Hac Vice*)
600 Third Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
jeremy.johnson@polsinelli.com

*Counsel to the Debtor and Debtor in Possession*

2

93049875.5

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| EVANGELICAL RETIREMENT HOMES OF GREATER CHICAGO, INCORPORATED d/b/a FRIENDSHIP VILLAGE OF SCHAUMBURG, | Case No. 23-07541 |
| FEIN: 36-2815382 | |
| Debtor. | |

**CERTIFICATE OF SERVICE**

I, Sabrina G. Tu, depose and say that I am employed by Stretto, the claims and noticing agent for the Debtor in the above-captioned case.

On or before 5:00 p.m. (prevailing Pacific Time) on January 23, 2024, at my direction and under my supervision, employees of Stretto will cause to be served a complete and accurate copy of the attached Notice of Motion and the document referred to therein to be made on the parties on the service list attached hereto as **Exhibit A** and parties listed on the Resident List via first-class mail, and via electronic mail where available as set forth on **Exhibit B**.

Dated: January 23, 2024

*/s/ Sabrina G. Tu*
Sabrina G. Tu
STRETTO
410 Exchange, Suite 100
Irvine, CA 92602
Telephone: 855.886.6266
Email: TeamFVS@Stretto.com

# Exhibit A



**Exhibit A**
Served Via First-Class Mail

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| Cook County of Illinois | Attn Officer/Director or Legal Dept; Treasurer's Office | 118 North Clark Street | Room 112 | | Chicago | IL | 60602 |
| Environmental Protection Agency | | 1200 Pennsylvania Ave. NW | | | Washington | DC | 20460 |
| Evangelical Retirement Homes of Greater Chicago, Incorporated d/b/a Friendship Village of Schaumburg | c/o Polsinelli PC | Attn: Trinitee G. Green | 150 N Riverside Plaza | Suite 3000 | Chicago | IL | 60606 |
| Friendship Senior Options, NFP, an Illinois not-for-profit corporation | c/o Cooley LLP | Attn: Eric E. Walker | 110 N. Wacker | | Chicago | IL | 60606 |
| IL CCRC LLC | c/o Cozen O'Connor | Attn: Brian L. Shaw | 123 North Wacker Drive | Suite 1800 | Chicago | IL | 60606 |
| Illinois Department of Financial and Professional Regulation | Attn Officer/Director or Legal Dept | 555 West Monroe Street | 5th Floor | | Chicago | IL | 60661 |
| Illinois Department of Human Services | Attn Officer/Director or Legal Dept | 401 South Clinton Street | | | Chicago | IL | 60607 |
| Illinois Department of Public Health | Att. Director | 69 Washington Street | 35th Floor | | Chicago | IL | 60602 |
| Illinois Department of Public Health | Attn Officer/Director or Legal Dept | 122 S. Michigan Avenue | 7th and 20th Floors | | Chicago | IL | 60603 |
| Illinois Department of Public Health | c/o Office of the Illinois Attorney General | Attn: John P. Reding | 100 West Randolph St | Suite 13-225 | Chicago | IL | 60601 |
| Illinois Department of Revenue | Bankruptcy Unit | PO Box 19037 | | | Springfield | IL | 62794-9037 |
| Illinois Department of Revenue | David Harris - Director | 555 West Monroe Street | Suite 1100 | | Chicago | IL | 60661 |
| Illinois EPA Headquarters | | 1021 North Grand Avenue East | P.O. Box 19276 | | Springfield | IL | 62794-9276 |
| Illinois Finance Authority | Attn Officer/Director or Legal Dept | 160 N. LaSalle St., Suite S-1000 | | | Chicago | IL | 60601 |
| Illinois Finance Authority | c/o ArentFox Schiff LLP | Attn: Joseph Mark Fisher | 233 S Wacker Drive | Suite 7100 | Chicago | IL | 60606 |
| Internal Revenue Service | Attn. Centralized Insolvency Operation | P.O. Box 7346 | | | Philadelphia | PA | 19101 |
| LEAF Capital Funding, LLC | c/o Dressler Peters LLC | 101 W. Grand Ave | Suite 404 | | Chicago | IL | 60654 |
| Office of the United States Trustee | Jeffrey L. Gansberg | 219 S. Dearborn Street | Room 873 | | Chicago | IL | 60604 |
| Office of the United States Trustee | Jeffrey L. Gansberg | 227 W Monroe St | Ste 3350 | | Chicago | IL | 60606 |
| Official Unsecured Creditors' Committee | c/o Crane, Simon, Clar & Goodman | Attn: Scott R. Clar, Karen R. Goodman | 135 S LaSalle | #3950 | Chicago | IL | 60603 |
| Riehle Developments, LLC | c/o Huck Bouma PC | Attn: Eric J. Malnar | 1755 South Naperville Rd | | Wheaton | IL | 60189 |
| Schaumburg Bank & Trust Company N.A. | Teresa Faidley | 1180 E. Higgins Rd. | | | Schaumburg | IL | 60173 |
| Schaumburg Bank & Trust Company, N.A. | c/o Chuhak & Tecson, P.C. | Attn: Brandon R. Freud | 120 S. Riverside Plz | Suite 1700 | Chicago | IL | 60606-7512 |
| Securities & Exchange Commission | | 100 F Street NE | | | Washington | DC | 20549-0213 |
| Securities & Exchange Commission | | 175 W Jackson Boulevard | Suite 1450 | | Chicago | IL | 60604 |
| The U.S. Department of Health & Human Services | Attn Officer/Director or Legal Dept | 200 Independence Avenue, S.W. | | | Washington | DC | 20201 |
| U.S. Centers for Medicare & Medicaid Services | Attn Officer/Director or Legal Dept | 7500 Security Blvd | | | Baltimore | MD | 21244 |
| U.S. Department of Health and Human Services, Centers for Medicare & Medicaid Services | Attn: David H. DeCelles | 219 South Dearborn Street | | | Chicago | IL | 60604 |
| UMB Bank | Attn: Jay Smith & Irina Palchuk | 2 South Broadway | | | St. Louis | MO | 63102 |
| UMB Bank, N.A., as Bond Trustee and Master Trustee | c/o Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. | Attn: Daniel S. Bleck, Tim McKeon | 1 Financial Center | | Boston | MA | 02111-0000 |
| UMB Bank, N.A., as Bond Trustee and Master Trustee | c/o Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. | Attn: Megan Preusker, Daniel S. Bleck, Timothy J. McKeon | 919 3rd Ave | | New York | NY | 10022 |
| United States Attorney's Office Northern District of Illinois, Eastern Division | Attn Officer/Director or Legal Dept. | 219 S. Dearborn Street | 5th Floor | | Chicago | IL | 60604 |
| Verdant Comm Cap Titling Trust | Attn: Officer/Director or Legal Dept | 12301 Whitewater Drive, Ste. 80 | | | Minnetonka | MN | 55343 |
| Wells Fargo Bank, National Association, as Master Trustee | Attn Officer/Director or Legal Dept | 230 W. Monroe Steet | Suite 2900 | | Chicago | IL | 60606 |
| Wells Fargo Bank, National Association, as Master Trustee | Attn: Corbin B Connell | 600 S. 4th Street, 6th Floor | MAC N9300-061 | | Minneapolis | MN | 55479 |

In re: Evangelical Retirement Homes of Greater Chicago, Inc. dba Friendship Village of Schaumburg (FVS)
Case No. 23-07541 (TAB)



**Exhibit A**
Served Via First-Class Mail

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| Wells Fargo Bank, National Association, as Mortagee | Attn Officer/Director or Legal Dept | 230 W. Monroe Steet | Suite 2900 | | Chicago | IL | 60606 |

# **Exhibit B**

**Exhibit B**
Served Via Electronic Mail

| Name | Attention | Email |
|---|---|---|
| Cook County of Illinois | Attn Officer/Director or Legal Dept; Treasurer's Office | lbankruptcy@cookcountytreasurer.com |
| Evangelical Retirement Homes of Greater Chicago, Incorporated d/b/a Friendship Village of Schaumburg | c/o Polsinelli PC | tggreen@polsinelli.com |
| Friendship Senior Options, NFP, an Illinois not-for-profit corporation | c/o Cooley LLP | ewalker@cooley.com |
| IL CCRC LLC | c/o Cozen O'Connor | bshaw@cozen.com |
| Illinois Department of Public Health | c/o Office of the Illinois Attorney General | john.reding@ilag.gov |
| Illinois Finance Authority | c/o ArentFox Schiff LLP | mark.fisher@afslaw.com |
| LEAF Capital Funding, LLC | c/o Dressler Peters LLC | kpeters@dresslerpeters.com |
| Office of the United States Trustee | Jeffrey L. Gansberg | jeffrey.l.gansberg@usdoj.gov |
| Official Unsecured Creditors' Committee | c/o Crane, Simon, Clar & Goodman | sclar@cranesimon.com kgoodman@cranesimon.com |
| Riehle Developments, LLC | c/o Huck Bouma PC | emalnar@huckbouma.com |
| Schaumburg Bank & Trust Company, N.A. | c/o Chuhak & Tecson, P.C. | bfreud@chuhak.com |
| Securities & Exchange Commission | | chicago@sec.gov |
| U.S. Department of Health and Human Services, Centers for Medicare & Medicaid Services | Attn: David H. DeCelles | david.decelles@usdoj.gov |
| UMB Bank | Attn: Jay Smith & Irina Palchuk | jay.smith@umb.com irina.palchuk@umb.com |
| UMB Bank, N.A., as Bond Trustee and Master Trustee | c/o Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. | mpreusker@mintz.com dsbleck@mintz.com tjmckeon@mintz.com |

In re: Evangelical Retirement Homes of Greater Chicago, Inc. dba Friendship Village of Schaumburg (FVS)
Case No. 23-07541 (TAB)

Page 1 of 1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| EVANGELICAL RETIREMENT | § | Case No. 23-07541 |
| HOMES OF GREATER CHICAGO, | § | |
| INCORPORATED d/b/a FRIENDSHIP | § | |
| VILLAGE OF SCHAUMBURG, | § | |
| | § | |
| FEIN: 36-2815382, | § | |
| | § | |
| Debtor. | § | Hon. Timothy A. Barnes |

**DEBTOR'S MOTION FOR AN ORDER APPROVING THE
POST-CLOSING CONSULTING AGREEMENT**

The debtor and debtor-in-possession (the "**Debtor**") in the above-captioned case (the "**Chapter 11 Case**") hereby moves (this "**Motion**") for entry of an order, substantially in the form of **Exhibit A** attached hereto (the "**Proposed Order**"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), approving the Post-Closing Consulting Agreement (the "**Transition Agreement**") between the Debtor and IL CCRC LLC (the "**New Operator**") on the terms set forth herein and more particularly in the Transition Agreement, a copy of which is attached as **Exhibit 1** to the Proposed Order.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105(a) and 363 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

93049875.5

**BACKGROUND**

4. On June 9, 2023 (the "**Petition Date**"), the Debtor commenced this Chapter 11 Case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code

5. The factual background regarding the Debtor, including business operations, capital and debt structure, and the events leading to the filing of the Chapter 11 Case is set forth in the *Declaration of Mike Flynn, Chief Executive Officer of the Debtor in Support of the Debtor's First Day Pleadings* [Docket No. 16] (the "**First Day Declaration**") and incorporated herein by reference.

6. The Debtor continues to operate and manage its business as a debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108.

7. On June 23, 2023, the Office of the U.S. Trustee appointed an official committee of unsecured creditors in this Chapter 11 Case.

8. On November 22, 2023, the Bankruptcy Court entered the *Order (A) Approving Asset Purchase Agreement Between the Debtor and the Successful Bidder; (B) Authorizing the Sale of Substantially all of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances, and Interests; (C) Authorizing the Assumption and Assignment of Designated Contracts; and (D) Granting Related Relief* [Docket No. 365] (the "**Sale Order**") approving the sale of substantially all of the Debtor's assets to the New Operator on the terms set forth in the Asset Purchase Agreement (the "**APA**").

9. Among other things, the APA contemplates certain post-closing agreements between the Debtor and the New Operator. For instance, Article 5.6(f) of the APA requires the Debtor to deliver to the New Operator "a customary Operations Transfer Agreement consistent herewith to the extent reasonably necessary, duly executed by [Debtor]." *APA*, at § 5.6. Likewise, Article 5.5(c) of the APA requires the same of the New Operator. *Id.* at § 5.5.

2

**RELIEF REQUESTED**

10. By this Motion, pursuant to Bankruptcy Code sections 105(a) and 363, the Debtor requests entry of an order in substantially similar form to the Proposed Order, approving the Transition Agreement on the terms set forth therein and granting such additional relief as the Court deems just.

**BASIS FOR RELIEF REQUESTED**

11. Although the Transition Agreement has been pre-approved by the Sale Order that approves the APA, the Debtor files this Motion out of an abundance of caution to provide notice to parties in interest that the Debtor's estate will incur minimal costs associated with the transition of its business to the New Operator. Under the Transition Agreement, Consultants, who are former employees of the Debtor and current employees of the New Operator, will provide certain transitional services to the Debtor. In exchange, the parties have agreed that the New Operator will receive compensation as set forth in Section 3 of the Transition Agreement. The Debtor estimates that the total compensation to be paid under the Transition Agreement will be approximately $25,000.

12. Bankruptcy Code section 363(b)(1) provides that a debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The Debtor will need to make payments pursuant to the Transition Agreement, which will require the Debtor to use certain cash collateral and/or other property of the estate. To the extent the Transition Agreement and the services to be provided thereunder are outside the ordinary course of business, the Debtor has a sound business purpose for entering into the agreement and making payments in accordance with its terms. In addition, Bankruptcy Code section 105(a) provides that the bankruptcy courts "may issue any order necessary or appropriate

to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a). Thus, sections 363 and 105 provide the bases for the relief requested herein.

13. "Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986). There is a presumption that "in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company." *In re Integrated Resources, Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)); *see also In re S.N.A. Nut Co.*, 186 B.R. 98, 102 (Bankr. N.D. Ill. 1995) ("The business judgment rule 'is a presumption that in making the business decision the directors of a corporation acted on an informed basis, in good faith, and in the honest belief that the action was in the best interests of the company."); *In re Filene's Basement, LLC*, No. 11-13511 (KJC), 2014 WL 1713416, at *12 (Bankr. D. Del. Apr. 29, 2014) ("If a valid business justification exists, then a strong presumption follows that the agreement at issue was negotiated in good faith and is in the best interests of the estate."). Thus, if a debtor's actions satisfy the business judgment rule, then the transaction in question should be approved under Bankruptcy Code section 363(b)(1). *See United Retired Pilots Benefit Prot. Assoc. v. United Airlines, Inc. (In re UAL Corp.)*, 443 F.3d 565, 571 (7th Cir. 2006) (criteria for approving transaction under 363(b)(1) is "whether the transaction makes good business sense . . . ."). Indeed, when applying the business judgment standard, courts show great deference to a debtor's business decisions. *See Pitt v. First Wellington Canyon Assocs. (In re First Wellington Canyon Assocs.)*, 1989 WL 106838, at *3 (N.D. Ill. 1989) ("Under this test, the debtor's business judgment . . . must be accorded

4

93049875.5

deference unless shown that the bankrupt's decision was taken in bad faith or in gross abuse of the bankrupt's retained discretion.").

14.  Here, a sound business purpose exists to grant the Motion pursuant to Bankruptcy Code sections 105 and 363. The APA contemplates that both the Debtor and the New Operator would enter into a "customary Operations Transfer Agreement." Further, the terms set forth in the Transition Agreement are fair and reasonable with the Debtor agreeing to pay the New Operator an hourly rate of $65 in exchange for the services provided by the Consultants (as set forth and/or defined in the Transition Agreement). The services to be provided by the Consultants will include, without limitation, (i) assistance with billing and collections of accounts receivable; (ii) assistance with filing tax returns, financial reporting, and cost reports; (iii) assistance with the daily operations and winddown of the Debtor; (iv) Mike Flynn's agreement to act as the leased interim CEO of the Debtor; and (v) assistance with Debtor operations following the sale to the New Operator.

15.  Finally, the Debtor requests that the Transition Agreement be approved with an effective date of December 28, 2023, which was the date of the closing of the sale of substantially all the Debtor's assets to the New Operator. *See* Docket No. 441.

## NOTICE

16.  Notice of this Motion has been or will be provided to: (i) the United States Trustee for the Northern District of Illinois; (ii) the United States Attorney for the Northern District of Illinois; (iii) counsel for the Bond Trustee; (iv) the Debtor's secured creditors, if any; (v) the Internal Revenue Service; (vi) the Illinois Department of Revenue; (vii) the United States Department of Health and Human Services; (viii) the Illinois Department of Human Services; (ix) the Illinois Finance Authority; (x) the Centers for Medicare and Medicaid Services; (xi) the Illinois Department of Financial and Professional Regulation; (xii) the Illinois Department of Public

5

Case 23-07541 Doc 492 Filed 01/23/24 Entered 01/23/24 17:33:58 Desc Main Document Page 14 of 14

Health; (xiii) the holders of the twenty (20) largest unsecured claims against the Debtor; (xiv) parties on the 2002 List; and (xv) the New Operator.

## NO PRIOR REQUEST

17. No prior request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, the Debtor respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

| | |
|---|---|
| Dated: January 23, 2024<br>Chicago, Illinois | */s/ Trinitee G. Green*<br>Trinitee G. Green (ARDC # 6323508)<br>POLSINELLI PC<br>150 N. Riverside Plaza, Suite 3000<br>Chicago, IL 60606<br>Telephone: (312) 819-1900<br>Facsimile: (312) 819-1910<br>tggreen@polsinelli.com<br><br>-and-<br><br>Jeremy R. Johnson (Admitted *Pro Hac Vice*)<br>POLSINELLI PC<br>600 3rd Avenue, 42nd Floor<br>New York, New York 10016<br>Telephone: (212) 684-0199<br>Facsimile: (212) 684-0197<br>jeremy.johnson@polsinelli.com<br><br>*Co-Counsel to the Debtor*<br>*and Debtor in Possession* |

93049875.5