## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **EVANGELICAL RETIREMENT HOMES OF GREATER CHICAGO, INC.,** | ) ) | Case No. 23-07541 |
| | ) | Hon. Timothy A. Barnes |
| Debtor. | ) | |

### NOTICE OF CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF ORDER DISGORGING UNAUTHORIZED COMPENSATION PAID TO POLSINELLI PC AND WYSE ADVISORS LLC

TO: See Attached Service List

**PLEASE TAKE NOTICE** that on Wednesday, August 20, 2025 at 9:00 a.m. (Central Time), I will appear before the Honorable Timothy A. Barnes, or any judge sitting in that judge's place, either in courtroom 744 of the Everett McKinley Dirksen United States Courthouse 219 South Dearborn Street, Chicago, IL 60604, or electronically as described below, and present the *Chapter 7 Trustee's Motion for Entry of Order Disgorging Unauthorized Compensation Paid to Polsinelli PC And Wyse Advisors LLC*, a copy of which is attached.

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.**

**To appear by Zoom using the internet**, go to this link: http://www.zoom.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828- 7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode**. Meeting ID and passcode. The meeting ID for this hearing is 161 329 5276, and the passcode is 433658. The meeting ID and passcode can also be found on the Judge's page on the court's web site.

**If you object to this Motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the Motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the Motion in advance without calling it.

        CATHERINE STEEGE, not individually, but solely as Chapter 7 Trustee for the bankruptcy estate of Evangelical Retirement Homes of Greater Chicago, Incorporated,

By:  */s/ Catherine Steege*
      One of her Attorneys

Catherine Steege
Melissa Root
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350
csteege@jenner.com
mroot@jenner.com

Carl Wedoff (admitted *pro hac vice*)
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1653
cwedoff@jenner.com

2

## CERTIFICATE OF SERVICE

I, Catherine Steege, certify that I caused a copy of the foregoing *Chapter 7 Trustee's Motion for Entry of Order Disgorging Unauthorized Compensation Paid to Polsinelli PC And Wyse Advisors LLC* to be served upon counsel of record and those individuals listed on the attached Service List via the Court's ECF system on August 13, 2025 and upon the other listed parties by e-mail on August 13, 2025.

                                                                               /s/ *Catherine Steege*

# SERVICE LIST

In re Evangelical Retirement Homes of Greater Chicago, Incorporated
23-07541

## VIA ECF NOTIFICATION:

- **Adam Brief** USTPRegion11.ES.ECF@usdoj.gov
- **Adham Alaily** aalaily@ea-atty.com
- **Mark Englund Christensen** mark@chs.law
- **Scott R Clar** sclar@cranesimon.com, mjoberhausen@cranesimon.com;asimon@cranesimon.com
- **David DeCelles** david.decelles@usdoj.gov
- **Bruce C. Dopke** bd@dopkelaw.com
- **J Mark Fisher** mfisher@schiffhardin.com, edocket@schiffhardin.com;sricciardi@schiffhardin.com
- **Brandon R Freud** bfreud@chuhak.com, dburns@chuhak.com
- **Jeffrey L. Gansberg** jeffrey.l.gansberg@usdoj.gov
- **Karen R Goodman** kgoodman@cranesimon.com, abell-powell@cranesimon.com
- **Trinitee G. Green** tggreen@polsinelli.com, chicagodocketing@polsinelli.com
- **Joshua D. Greene** joshua.d.greene@usdoj.gov
- **Heidi M Hockberger** hhockberger@lplegal.com, myoung@lplegal.com
- **Harold D. Israel** hisrael@lplegal.com, nbailey@lplegal.com;ikropiewnicka@lplegal.com;kpatton@lplegal.com;druiz@lplegal.com
- **Eric J Malnar** emalnar@huckbouma.com
- **Mark Melickian** mmelickian@raineslaw.com, joconnor@sfgh.com;mbrandess@sfgh.com;bkdocket@sfgh.com;bkdocket@sfgh.com
- **Nathan I Neff** nathan@nefflawgroup.com
- **David A. Newby** dnewby@momkus.com, cbednarski@momkus.com
- **Richard C Perna** rperna@frltd.com, pgutierrez@frltd.com
- **Kenneth D Peters** kpeters@dresslerpeters.com, ehunter@dresslerpeters.com
- **Megan Preusker** mpreusker@mintz.com
- **John Reding** john.reding@ilag.gov
- **Nathan Q. Rugg** nathan.rugg@bfkn.com, james.tucker@bfkn.com
- **Brian L Shaw** bshaw@cozen.com, brian-shaw-5749@ecf.pacerpro.com;cknez@cozen.com
- **Arthur G Simon** asimon@cranesimon.com, sclar@cranesimon.com;slydon@cranesimon.com
- **Gregory K Stern** greg@gregstern.com, monica@gregstern.com
- **Jason M Torf** jason.torf@tuckerellis.com, christine.cassidy@tuckerellis.com
- **Eric E. Walker** ewalker@cooley.com, efilingnotice@cooley.com;efiling-notice@ecf.pacerpro.com;diane.young@cooley.com

- **Brian P Welch** bwelch@burkelaw.com, gbalderas@burkelaw.com
- **David K Welch** dwelch@burkelaw.com, gbalderas@burkelaw.com;bwelch@burkelaw.com;welchdr67393@notify.bestcase.com

**VIA EMAIL:**

**Mike Wyse,** Wyse Advisors, LLC at mwyse@thewysegrp.com and mfranciosa@wyseadvisorsllc.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| EVANGELICAL RETIREMENT HOMES OF ) | Case No. 23-07541 |
| GREATER CHICAGO, INCORPORATED, ) | |
| ) | Hon. Timothy A. Barnes. |
| Debtor. | |

**CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF ORDER
DISGORGING UNAUTHORIZED COMPENSATION AND EXPENSE
REIMBURSEMENT PAID TO POLSINELLI PC AND WYSE ADVISORS LLC**

Catherine Steege, not individually but as Chapter 7 Trustee (the "**Trustee**") for Evangelical Retirement Homes of Greater Chicago, Incorporated (the "**Debtor**"), respectfully requests that the Court enter an Order (a) disgorging all compensation and expense reimbursement paid to Polsinelli PC and Wyse Advisors LLC, and (b) granting related relief. In support of this motion, the Trustee respectfully states:

**PRELIMINARY STATEMENT**

1. On June 18, 2025, the Court entered an order setting July 18, 2025, as the deadline for all professionals retained to provide services to the debtor-in-possession or the committee during the chapter 11 case to file their final fee petitions. Two professionals (Crane, Simon, Clar & Goodman, counsel for the Official Committee of Unsecured Creditors, and Stretto, Inc., administrative advisor to the Debtor) timely filed final fee applications, and a third (Dopkelaw LLP, co-counsel to the Debtor) filed a final fee application after the deadline.

2. Polsinelli PC and Wyse Advisors LLC did not file final fee applications. Under the plain language of the Bankruptcy Code and this Court's Orders, failure to file a final fee application means any interim payments received during the chapter 11 case were not authorized and should be disgorged. But even if they had filed timely final fee applications, disgorgement would be

appropriate on other grounds, including the failure to provide a benefit to the estate, the failure to disclose representation of interests adverse to the estate, and performing services that were outside of the scope of their employment.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O), but to the extent that the Court cannot enter a judgment in this matter, the Trustee consents to the Court entering judgment. Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested in this Motion are sections 105(a) and 330(a) of the Bankruptcy Code.

## BACKGROUND

### A. The Bankruptcy Case

5. On June 9, 2023 (the "**Petition Date**"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. [Dkt. 1].

6. On June 14, 2023, the Debtor filed an application to employ and retain Polsinelli PC as its counsel effective as of June 9, 2023. [Dkt. 44.] Polsinelli represented that Bruce Dopke and Dopkelaw would be general bankruptcy counsel and that it would be co-counsel. [*Id.* at ¶16.] Polsinelli shareholder Jeremy Johnson submitted a supporting declaration, in which he testified that Polsinelli had represented FSO, but that:

> Polsinelli will be responsible solely for advising the Debtor with respect to the services described above in paragraph 13, primarily related to sale and regulatory matters. Polsinelli respectfully submits that FSO and the Debtor are fully aligned on the matters on which Polsinelli will represent the Debtor. Both parties seek to maximize value for the benefit of the Debtor's creditors and to honor the Debtor's not for profit mission. *FSO will not have a role after any transaction except as a part of any necessary interim management*

2

> *arrangement to assist in a transition, and FSO has no interest that will make it adverse to the estate as part of the sale or regulatory matters, the matters for which Polsinelli will be responsible.*

(*See* Decl. of Jeremy Johnson ¶ 17 [Dkt. 44, Ex. B (emphasis added)].) Johnson further testified that, "[t]o the extent that Polsinelli is determined to have a conflict with respect to a particular client or matter, the Debtor will utilize Dopkelaw LLC or separate conflicts counsel as necessary." (*Id.* ¶ 10.)

7. On July 7, 2023, the Court entered an order approving Polsinelli's employment application. [Dkt. 136.]

8. On June 15, 2023, the Debtor filed an application to employ Bruce Dopke and Dopkelaw as co-counsel to Polsinelli. [Dkt. 52.] Dopke submitted a supporting declaration disclosing that he had previously served on the FSO Board (Decl. of Bruce Dopke ¶ 12 [Dkt. 52, Ex. B]), had repeatedly represented FSO as counsel (*id.* ¶¶ 13, 15), had regularly contributed "time and treasure" to a charitable foundation affiliated with FSO (*id.* ¶ 16) and had had "many contacts with FSO relative to the preparation of the present bankruptcy case" (*id.* ¶ 17). However, Dopke stated that he had "zealously represented the Debtor's interests, to the extent, if any, that the Debtor's interests differ from the interests of FSO." (*Id.*) On July 7, 2023, the Court entered an order approving Dopkelaw LLC's employment application. [Dkt. 140.]

9. As a result of the retention of two firms that had performed services for FSO, the Debtor did not have any counsel leading up to the filing of the chapter 11 case and during the chapter 11 case that did not have connections to FSO.

10. On June 15, 2023, the Debtor filed an application to employ Wyse Advisors LLC as financial advisor to the Debtor. [Dkt. 54.] Wyse Advisors represented that it did not hold or represent any interest adverse to the estate, (*id.* ¶¶ 15, 24), and its Managing Director Michael Wyse declared under penalty of perjury that Wyse Advisors would promptly file a supplemental

3

declaration "[i]f any new material relevant facts or relationships are discovered or arise" or "if it becomes aware of a relationship that may adversely affect [its] retention in this Case." (Decl. of Michael Wyse ¶ 9 and n.2 [Dkt. 54]). On July 7, 2023, the Court entered an order approving Wyse Advisors' employment application. [Dkt. 138.]

11. On July 11, 2023, the Court entered the *Order Granting Motion to Establish Interim Fee and Expense Reimbursement Procedures* [Dkt. 150] (the "**Interim Compensation Order**"), governing the allowance and payment of interim monthly compensation and expense reimbursement for attorneys and other professionals authorized to be retained in the chapter 11 case. The Interim Compensation Order provided that "each Professional shall file with the Court . . . a request for final Court approval and allowance, on a final basis, pursuant to Section 330 of the Bankruptcy Code, of compensation of all fees and reimbursement of expenses sought in the Monthly Fee Applications and the Interim Fee Applications, including all amounts previously withheld," (*id.* ¶ 2.h), and provided that "[a]ll fees and expenses paid to Professionals under the Interim Compensation Procedures are subject to disgorgement until final allowance by the Court." (*id.* ¶ 2.g).

12. On September 10, 2024, this Court entered an order approving the Debtor's unopposed *Motion for Entry of an Order (I) Converting Debtor's Chapter 11 Case to a Case Under Chapter 7, or, in The Alternative, Dismissing The Chapter 11 Case; and (II) Shortening Notice With Respect Thereto* [Dkt. 866].

13. During the pendency of the chapter 11 case, Polsinelli, Dopkelaw, and Wyse Advisors each filed four interim applications for compensation and expense reimbursement and numerous monthly fee applications.

4

14. On September 10, 2024, the Trustee was appointed as the chapter 7 Trustee. [Dkt. 869].

15. On November 14, 2024, the Debtor filed an *Amended Final Report and Account* [Dkt. 911], disclosing payment of $3,063,880.21 in total payments for fees and costs made to professionals under Bankruptcy Code sections 327 and 331 during the chapter 11 case, including $2,226,306.72 paid to Polsinelli, $328,393.80 paid to Wyse Advisors, and $303,293.40 paid to Dopkelaw.

16. On November 19, 2024, the Court entered the *Notice Fixing Time for Filing Claims* [Dkt. 913], which set February 19, 2025 as the last day for the filing of claims by creditors, including government units.

17. On June 10, 2025, the Trustee filed a motion seeking entry of an *Order Establishing Deadlines for Filing Final Applications for Fee and Expense Reimbursement for Professionals Retained During the Chapter 11 Case* ("**Final Fee Deadline Motion**") [Dkt. 928]. On June 18, 2025, the Court entered the order ("**Final Fee Deadline Order**") [Dkt. 931], which directed "[a]ll professionals retained to provide services to the debtor-in-possession or the committee during the chapter 11 case [to] file their final fee petitions on or before July 18, 2025."

18. On July 17, 2025, Crane, Simon, Clar & Goodman, counsel for the Official Committee of Unsecured Creditors, and Stretto, Inc., administrative advisor to the Debtor, filed final fee applications. [Dkt. 936, 937.]

19. On July 31, 2025, Dopkelaw filed a final fee application [Dkt. 940]. Dopkelaw acknowledged that the application was untimely, but explained that delay was due to Bruce Dopke's health issues, which delayed his ability to obtain counsel to file the Application.

20. To date, neither Polsinelli nor Wyse Advisors has filed a final fee application.

5

### B. Polsinelli and Wyse Advisors Acted Contrary to the Interests of the Debtor and the Estate

21. On April 11, 2025, the Trustee filed an adversary complaint (the "**FSO Complaint**") [Dkt. 924] against FSO and various officers and directors of FSO and the Debtor to recover damages the Debtor and its estate suffered because of, among other things, the defendants' elimination of FSO's $8.9 million debt owed to the Debtor and misappropriation of approximately $7.7 million in tax refunds belonging to the Debtor.

22. The allegations of the FSO Complaint and the exhibits attached thereto are incorporated herein by reference. But in summary, as detailed in the FSO Complaint and the attached exhibits, Polsinelli and Wyse Advisors had notice of, and participated in, the elimination for no consideration of over $16 million of assets that belonged to the Debtor. Polsinelli then proceeded to assist the Debtor in proposing a plan of reorganization that incorporated a settlement which would have released themselves and all of the defendants in the adversary proceeding from any liability relating to these wrongful transactions. These actions were taken to hinder and delay, if not defraud, the Debtor's bondholder creditors, that held liens upon these refunds and liabilities, for the benefit of Polsinelli's other client, FSO. None of this was disclosed in the Polsinelli retention application. [*See* Dkt. 44.] Further, Polsinelli's involvement during the bankruptcy case in more than the sale transaction and regulatory matters was contrary to the representations it made in its retention papers that its prior representation of FSO would not create a conflict of interest.

### RELIEF REQUESTED

23. By this motion, the Trustee seeks an order compelling Polsinelli and Wyse Advisors to disgorge all previous compensation and expense reimbursement paid to Polsinelli and Wyse Advisors on an interim basis. Disgorgement is warranted because neither professional filed a final fee application in this case as required under Bankruptcy Code section 330(a) and this Court's

6

orders.[1] Alternatively, disgorgement would be appropriate because their activities did not benefit the estate, and the professionals acted with a conflict of interest and/or performed services that were outside of the scope of their employment.

### A. The Payments to Polsinelli and Wyse Advisors Must Be Disgorged Because They Were Unauthorized Under Bankruptcy Code Section 330.

24. A professional is entitled to compensation for services rendered during a chapter 11 case only if a court order authorizes such compensation as final under Bankruptcy Code section 330, which "establishes the exclusive means of allowing a claim for professional fees in a bankruptcy proceeding." *In re 5900 Assocs., Inc.*, 468 F.3d 326, 328 (6th Cir. 2006). Thus, "all awards of interim compensation are tentative, hence reviewable—and revisable—at the end of the case." *Matter of Taxman Clothing Co.*, 49 F.3d 310, 314 (7th Cir. 1995) (Posner, J.).[2] If the amount of interim compensation exceeds the amount of final compensation awarded, the bankruptcy court "may order the return of the excess to the estate." 11 U.S.C. § 330(a)(5); *Beirne, Maynard & Parson, L.L.P. v. Cypresswood Land Partners, I*, No. CV H-09-2620, 2011 WL 13324169, at *14 (S.D. Tex. Mar. 31, 2011).

---

[1] Contemporaneously with this motion, the Trustee has filed a motion for extension of time to object to Dopkelaw's final fee application. The Trustee reserves all rights.

[2] *See also, e.g.*, *In re Eckert*, 414 B.R. 404, 409 (Bankr. N.D. Ill. 2009) (same, citing *Taxman Clothing*); *S'holders v. Sound Radio, Inc.*, 109 F.3d 873, 876 (3d Cir. 1997) ("non-final allowances of compensation are always subject to the court's reexamination and adjustment at the conclusion of the case"); *In re Pub. Serv. Co. of New Hampshire*, 138 B.R. 660 (Bankr. D.N.H. 1992) ("The final fee awards are determined only upon conclusion of the case when the Court can review the entire history of the case, the results obtained from the rendition of the professional services, and all other relevant factors bearing on the propriety of the final fee requests."); *In re Marshall*, No. 02-80496RGM, 2010 WL 3959612, at *3 (Bankr. E.D. Va. Oct. 11, 2010) ("Interim fee awards under 11 U.S.C. § 331 are not final and are subject to further consideration at the conclusion of the case."); *In re GSC Grp., Inc.*, 502 B.R. 673, 743 (Bankr. S.D.N.Y. 2013) ("[I]nterim fee awards remain 'subject to re-examination and readjustment,' as section 330(a)(5) of the Code specifically permits a court to order disgorgement of interim payments awarded pursuant to section 331, to the extent they exceed the ultimate amount of fees and expenses approved by the Court under section 330.").

7

25. If a professional fails to file a timely final fee application, "disgorgement will almost certainly follow." Collier on Bankruptcy ¶ 331.05 (16th ed. 2025). As one court explained,

> If the attorney wants to be paid out of the estate, then an application must be filed under section 330 of the Code, and the fees allowed. . . . *There is no other way for an attorney to be paid!* An attorney who extracts payments from debtors other than pursuant to proper disclosure, or to allowance under section 330, stands in violation of the provisions of the Bankruptcy Code, and may properly be stripped of all fees.

*In re Marin*, 256 B.R. 503, 507 (Bankr. D. Colo. 2000) (emphasis in original); *see Brock v. Cohen (In re Richard D. Van Lunen Charitable Trust)*, 598 F. Supp. 3d 1114 (D. Colo. 2022) (affirming bankruptcy court order disgorging professional's interim compensation for failure to file final application); *see also In re Res. Tech., Corp.*, No. 08 C 4235, 2008 WL 4696073, at *2, 3 (N.D. Ill. Oct. 20, 2008) (disgorgement of interim fees for failure to comply with court orders and applicable bankruptcy rules governing professional compensation).

26. Because Polsinelli and Wyse Advisors have failed to comply with Bankruptcy Code section 330(a) and the Final Fee Deadline Order, the Court should order both firms to disgorge all payments received by these professionals in this case. Two professionals—Crane, Simon, Clar & Goodman and Stretto—timely filed final fee applications in accordance with Final Fee Deadline Order, and another—Dopkelaw—filed an untimely final fee application. Polsinelli and Wyse Advisors have failed to file anything. As such, they "may properly be stripped of all fees" received in this case. *See Marin*, 256 B.R. at 507.

27. If Polsinelli or Wyse Advisors respond to this motion with a request for leave to file an untimely final fee application, the request should be denied because there is no excusable neglect to support an enlargement of time; a "lack of diligence in apprising [themselves] of [their] obligations" is not an excuse. *Richard D. Van Lunen Charitable Tr.*, 598 F. Supp. 3d at 1127.

8

**B. The Trustee Reserves the Right to Seek Disgorgement on Other Grounds.**

28. Even if Polsinelli and Wyse Advisors had timely filed final fee applications, full disgorgement of their interim payments would be appropriate on other grounds. "The bankruptcy court may reduce or disallow a request if the underlying services conferred no real benefit on the estate." *In re Keene Corp.*, 205 B.R. 690, 696 (Bankr. S.D.N.Y. 1997); *see also Hansen, Jones & Leta, P.C. v. Segal*, 220 B.R. 434, 445 (D. Utah 1998) (the bankruptcy court "must assess whether the professional's services benefited or were reasonably calculated to benefit the estate before addressing the question of the reasonableness of the fees"); Collier on Bankruptcy ¶ 331.05 ("a court may require a professional to return fees previously awarded if, at the conclusion of the case, the court determines that the professional's activities were detrimental to the debtor's estate"). A bankruptcy court may also deny fees to a professional "if, at any time during such professional person's employment . . . such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed." *In re New River Dry Dock, Inc.*, 497 F. App'x 882, 886 (11th Cir. 2012).

29. To the extent the Court permits Polsinelli and Wyse Advisors to file untimely final fee applications (and the Trustee submits the Court should not do so), the Trustee reserves all rights to seek disgorgement on other grounds, including but not limited to the lack of benefit to the estate and failure to disclose representation of interests adverse to the Debtor and the actual conflicts of interest that arose during the chapter 11 case. In addition, it appears that Polsinelli provided services outside of the scope of its retention because it acted as general bankruptcy counsel and provided services beyond those related to the sale of the Debtors and that Polsinelli's provision of those non-sale services, particularly in connection with prosecuting a plan of reorganization, created an actual conflict of interest between its representation of the Debtors and its representation

9

of FSO. *See, e.g.*, Dkt. 786 at pg. 9 (detailing work on the plan, litigation and contested matters, claims administration, corporate governance, case administration).

## NOTICE

30. The Trustee has provided at least seven days notice of the hearing on the Motion to: (a) counsel for the United States Trustee for the Northern District of Illinois; (b) counsel to the Debtor; (c) counsel to the Bond Trustee; (d) counsel to the Committee; (e) any party filing a notice of appearance in this Chapter 11 Case; and (f) Wyse Advisors LLC. Considering the nature of the relief requested, the Trustee respectfully submits that no further notice is necessary.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order:

A. Directing and compelling Polsinelli to disgorge all interim or monthly compensation and expense reimbursement received during the chapter 11 case and to return and pay to the Trustee $2,226,306.72;

B. Directing and compelling Wyse Advisors to disgorge all interim or monthly compensation and expense reimbursement received during the chapter 11 case and to return and pay to the Trustee $328,393.80; and

C. Granting such other and further relief as the Court may deem equitable and just.

Respectfully submitted,

**CATHERINE STEEGE,** not individually but solely as Chapter 7 Trustee for the bankruptcy estate of **Evangelical Retirement Homes of Greater Chicago, Incorporated**,

By: */s/ Catherine Steege*
 One of her Attorneys

Catherine Steege
Melissa Root
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350
csteege@jenner.com
mroot@jenner.com

Carl Wedoff (admitted *pro hac vice*)
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600
cwedoff@jenner.com

Dated: August 13, 2025

11